**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

THEODORE MARTIN KIRK, AKA Ted,

        Defendant-Appellant.

</td><td>

No.   19-30220

D.C. No. 1:18-cr-00045-MC-1

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted October 9, 2020[**]
Portland, Oregon

Before: PAEZ and RAWLINSON, Circuit Judges, and ANTOON,[***] District
Judge.

---

    [*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable John Antoon II, United States District Judge for the
Middle District of Florida, sitting by designation.

Theodore Kirk (Kirk) appeals his criminal conviction and sentence for theft of government (Social Security) funds in violation of 18 U.S.C. § 641. After careful review, we affirm. *See United States v. Gagarin*, 950 F.3d 596, 602 (9th Cir. 2020) (reviewing *de novo* the sufficiency of evidence and the denial of a motion for judgment of acquittal); *United States v. Simon*, 858 F.3d 1289, 1293 (9th Cir. 2017) (en banc) (reviewing construction and interpretation of sentencing guidelines *de novo* and application of the guidelines to the facts for abuse of discretion).

1.      Kirk argues that there was insufficient evidence to support the jury's guilty verdict. "In determining whether evidence was insufficient to sustain a conviction, we consider whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Gagarin*, 950 F.3d at 602 (citation and internal quotation marks omitted) (emphasis in the original).

Due to his mother's declining health, Kirk maintained complete control of the bank account into which her Social Security benefits were directly deposited by the government. Kirk's mother was last seen by individuals other than Kirk in 2010, yet the deposits of Social Security payments–followed by almost immediate withdrawals of amounts equal to those deposits–continued, even after Kirk

2

informed a Department of Human Services employee in 2016 that his mother had died "some time ago." This evidence was sufficient to support the conclusion that Kirk converted his mother's Social Security payments to his own use. Because there was sufficient evidence to support the jury's guilty verdict, the district court properly denied Kirk's motion for a judgment of acquittal. *See id.*

2. The district court properly considered all relevant conduct in calculating the amount of loss under the sentencing guidelines. *See United States v. May*, 706 F.3d 1209, 1212 (9th Cir. 2013). The district court may "include charged, uncharged, and even acquitted conduct in the determination of loss." *United States v. Thomsen*, 830 F.3d 1049, 1071 (9th Cir. 2016) (citation omitted).

Kirk was convicted of theft of Social Security funds from September 2013- September 2015. However, the district court could consider, within its discretion, Kirk's relevant conduct stemming from 2010–the year it appears his mother passed away. *See May*, 706 F.3d at 1212 (reviewing application of sentencing guidelines for abuse of discretion); *see also Thomsen*, 830 F.3d at 1071. Consideration of relevant conduct within this five-year span supported a six-level increase under the sentencing guidelines. *See* U.S.S.G. § 2B1.1(b)(1)(D) (providing for a six-level increase if the loss amount exceeds $40,000.00).

**3.**     The district court did not abuse its discretion in imposing a fifteen-month sentence.   The court considered Kirk's lack of criminal history and the impact of prison on Kirk.  Despite the seriousness of the offense, the judge referred to Kirk as "a good son."  However, the judge also considered Kirk's deception during the course of the investigation and the trial.  *See United States v. Reyes*, 764 F.3d 1184, 1198 (9th Cir. 2014) (considering the totality of the circumstances when reviewing the substantive reasonableness of a sentence).  Kirk's sentence at the low end of the sentencing range was substantively reasonable.  *See United States v.* Carty, 520 F.3d 984, 996 (9th Cir. 2008) (en banc) (upholding a sentence at the low end of the guidelines range).

**AFFIRMED.**